Michael Tempesta, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

606

Argued December 7, 1983, before Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*Elisabeth Petry,* with her, *Richard Weishoff,* for petitioner.

*Gary Goldman,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 24, 1984:

Petitioner, Michael Tempesta, appeals from an order of the Department of Public Welfare, Office of Hearings and Appeals (DPW), which affirmed the decision of the County Assistance Office (CAO) denying Petitioner food stamps for the period between July and December of 1981.

After receiving food stamps on an expedited basis in June of 1981,[1] Petitioner submitted an application for further benefits on July 17, 1981. On August 31, 1981, the CAO denied Petitioner's application because of his inability to verify the status of his workmen's

---

[1] Section 505.4(d)(2) of the Public Assistance Manual (Manual), 55 Pa. Code §505.4(d)(2), provides for expedited issuance of food stamps in cases where the need is immediate. In such cases, the normal interview and verification procedures are postponed, but must be completed before the applicant can be certified for further benefits.

compensation claim against his former employer, SEPTA. Petitioner's appeal from the CAO's decision was denied by the hearing examiner on November 4, 1981. The decision of the hearing examiner was affirmed by the Office of Hearings and Appeals, and no further appeal was taken.

On December 18, 1981, Petitioner submitted a new application for food stamps, and was granted benefits by the CAO, effective on the date of application. Petitioner appealed this decision, contending that the CAO should have granted benefits retroactive to July, 1981. Petitioner's appeal was denied by the hearing examiner, whose decision was affirmed by the Office of Hearings and Appeals on February 12, 1982. After Petitioner's request for reconsideration was denied, an appeal to this Court was taken.

Before this Court Petitioner argues that benefits should have been granted retroactive to July of 1981, contending that he had properly verified the status of his workmen's compensation appeal at that time. Alternatively, Petitioner contends that the CAO was at fault in failing to assist him in establishing verification.[2] In response, DPW argues that the hearing examiner did not have the authority to grant retroactive benefits beyond the date of the Petitioner's December 18, 1981 application.[3]

---

[2] Section 505.4(e)(1) of the Manual, 55 Pa. Code §505.4(e)(1), requires the CAO to provide assistance to the applicant in verifying his application. See Section 505.4(c)(2) of the Manual, 55 Pa. Code §505.4(c)(2).

[3] Our scope of review of orders of the DPW is limited to a determination of whether or not the adjudication was in accordance with the law, whether or not any constitutional rights were violated and whether or not the findings of fact were supported by substantial evidence. *Klingerman Nursing Center, Inc. v. Department of Public Welfare*, 73 Pa. Commonwealth Ct. 470, 458 A.2d 653 (1983).

The Public Assistance Manual specifies that an applicant becomes entitled to food stamp benefits with the filing of an application with the CAO,[4] and any allotment of benefits is to be assigned retroactively to the date of the application.[5] Petitioner cites no authority, nor can we locate any, which entitles an applicant to benefits for a period prior to the filing of an application. In this case Petitioner's application for benefits was filed on December 18, 1981. The record is clear that the benefits which were granted became effective on that date.

Petitioner refers us to the alleged error by the CAO in denying his first application of July 17, 1981 as a reason why his present benefits should be granted retroactive to July. The decision denying the July 17, 1981 application, however, is not before us for review. The Petitioner had the opportunity to appeal that determination to this Court, but instead chose to file a new application for benefits in December. Since Petitioner's previous administrative appeal had determined that Petitioner was at fault in the denial of his first application, the CAO was required to consider the December application as an initial application,[6] and properly refrained from granting benefits for any period prior to that application date.

For these reasons we conclude that the hearing examiner committed no error in affirming the determination of the CAO. Accordingly, we affirm the order of the Office of Hearings and Appeals which upheld the hearing examiner's decision.

---

[4] Section 505.4(a) of the Manual, 55 Pa. Code §505.4(a).

[5] Section 541.3(a)(1) of the Manual, 55 Pa. Code §541.3(a)(1).

[6] Under Section 505.4(e)(4) of the Manual, 55 Pa. Code §505.4 (e)(4), an applicant who is at fault in failing to complete his application within a sixty-day period must file a new application in order to be considered for benefits.

## ORDER

Now, August 24, 1984, the order of the Office of Hearings and Appeals of the Department of Public Welfare, dated February 12, 1982, is hereby affirmed.